LDALEY, Judge.
The Parish of Jefferson appeals a ruling of the First Parish Court that it does not have enforcement jurisdiction over orders issued by the Bureau of Administrative Adjudication. We reverse, finding that the First Parish Court has enforcement jurisdiction, and remand.
The defendants, the Corns, were cited by the Parish of Jefferson for violating Code of Ordinances, Ordinance No. 3813, § VII-A(2), by their act of converting an office to an apartment without a permit. Following a hearing, the Bureau’s hearing officer found against the Corns by an order dated August 2, 1995. After 30 days followed without the Corns’ compliance with the order, matter was forwarded to the Parish Attorney’s office. On April 16, 1997, the Parish filed, in First Parish Court, a Petition to Make.Order Executo-ry, and a Rule for Contempt against the Corns. The trial judge signed the Petition.
laAfter a hearing on June 18, 1997, the trial court found the Corns in contempt of the Order of the Bureau of Administrative Adjudication. This judgment was signed on July 2, 1997. A second Rule for Contempt was filed on July 10, 1998, alleging that the Corns had failed to comply with the Order. The matter was set for hearing on August 31,1998.
At that hearing, the defendants challenged the jurisdiction of the First Parish Court by way of an oral motion. The defendants argued that their appeal jurisdiction was to the 24 th Judicial District Court, and that the First Parish Court could not enforce the order of a tribunal of which it was not a part, of which it did not hear any evidence and did not have appellate jurisdiction. The court granted the motion, finding it could not have enforcement jurisdiction if it did not have appellate jurisdiction. The Parish applied for a new trial, which was denied.
On appeal, the Parish distinguishes enforcement jurisdiction with appellate jurisdiction. The Parish cites the Code of Ordinances, Chapter 2, Sections 2.5-1 through 2.5-12. Pertinently, Section 2.5-7 prescribes the hearing procedure for violations of public health, housing, and environmental ordinances. Paragraph (i) of that Section reads, in pertinent part:
Any order assessing a fine, or costs and/or stipulating a correction date may be enforced by the parish courts of Jefferson Parish.
Section 2.5-10 states that final order of the hearing officer may be appealed to the 24th Judicial District Court.
The Parish of Jefferson’s authority to establish the Bureau of Administrative Adjudication was granted by LSA-R.S. 13:2575, entitled “Public health, housing, and environmental violations; administrative adjudication, procedure; appeal; penalties” which states partly, in paragraph (F):
[4... In addition to the enforcement procedure and authority set forth in Paragraph B(2) of the Section, any order assessing a fine, penalty, costs, or fee and/or stipulating a correction dated may be enforced by the city or municipal court of the municipality or the parish court in whose jurisdiction the munici *419 pality is located, or in the parish court of the parish initiating the action.
Paragraph (H) of LSA-R.S. 13:2575 grants appellate jurisdiction to the appropriate district court.
We agree with the position of Jefferson Parish. Enforcement jurisdiction of orders of the Bureau of Administrative Adjudication is clearly given to the parish courts of Jefferson Parish, while appellate jurisdiction is clearly given to the 24 th Judicial District Court. These two jurisdictions are separate and distinguishable. The trial court erred by finding that it did not have enforcement jurisdiction of the orders of the Bureau of Administrative Adjudication because it did not have appellate jurisdiction of the same orders.
REVERSED; REMANDED.